of America. Oral argument not to exceed 15 minutes per side. Mr. Woodman for the appellant. Good morning, your honors, and may it please the court, Derek Woodman appearing on behalf of the petitioner appellant Walter Cardin. I'd like to reserve five minutes for rebuttal. Certainly. Your honors, Walter Cardin was denied the opportunity to have the merits of the section 2255 petition considered because it was signed by his sister as opposed to the 2255 motion even after Cardin submitted a signed motion to amend asking to add his signature and verification to that earlier motion and imploring the court not to dismiss his claims for the lack of signature. Your honors, we respectfully request that this court reverse the judgment of the district court for two reasons. First, because Cardin's motion to amend demonstrated that he was pursuing the claims himself. The court had jurisdiction and Natalie's standing, his sister, was irrelevant. Second, even if Natalie's standing was irrelevant, the motion to amend demonstrates that Natalie satisfies the two requirements for next friend standing. Now, turning to the first issue, Whitmore and the cases interpreting and applying next friend standing demonstrate that it is only applicable where a third party is bringing a claim on behalf of a petitioner. So, for example, in most of those cases, the petitioner themselves have waived the right to appeal or the right to file a petition or have simply not taken any action to pursue those claims. In those circumstances, is it appropriate to consider whether or not the third party has standing to pursue those claims? That is not the case here. What happened here was Cardin was bringing these claims, but they were simply submitted and the document was signed by his sister because he was inaccessible at the time. Under the first theory, the document is defective, right? That is... It doesn't have his signature? That is correct, your honor, although we submit that the statute and the rule only requires that it be signed by someone authorized. This is not a circumstance where she signed it in her own name. She signed it Walter Cardin by Natalie. I was curious about this. So, you know, obviously, I know from private practice, whatever, you sign somebody else's name all the time and you say, with authorization, by whatever. Nobody ever seems to question it. Are you saying that same... Whatever that principle is, and I don't even know if it's right, that same principle applies here? Certainly under the plain language of the statute and the rule, that would seem to satisfy... It doesn't require an original signature, this statute. The statute and the rule certainly do not state that the signature has to be original. It simply has to be on behalf of or authorized by the petitioner. So just on its face, it's just a valid document. It's his signature. It happens to be she wrote the name in, but it's no different than if I do an electronic signature and my secretary types the name in. That is correct, your honor. Could this document have been electronically filed? Yes, your honor. I believe it could have been under the rules of the court. And so in that circumstance, had someone else affixed his electronic signature, I believe we're in the same situation where it's not him affixing his signature, but his signature would be valid because, as this court and other courts have recognized in the rules, electronic signatures are valid ways of signing documents. If the document... What if we disagree and say, no, the document's not valid on its face, which the district court obviously disagreed, does your first argument still work? Yes, your honor. Even if the signature was ineffective or otherwise defective, the appropriate process dictated by both Rule 3 of the rules governing Section 2255 proceedings, as well as Rule 11 more generally, require the district court to provide the petitioner with notice and an opportunity to cure that defective signature. And the district court did not do that here. What happened here was the district court... Even if it was then out of time, the district court is supposed to allow you to cure the defect? Yes, your honor, because under both Rule 3 and Rule 11, the subsequently submitted document with a corrected signature relates back to the originally filed document. And that's... Do we need Rule 17, too, then? We do not need Rule 17, your honor, but that certainly supports the argument and shows that even in circumstances where you're changing the plaintiff, those rules apply when you're amending or changing the party bringing the action. But that's what you said, that for Rule 17, at least, you need to relate back to something that was valid on its face, Zurich or whatever that case is. Your honor, under the Supreme Court's precedent in Becker, in the cases interpreting Rule 11... Well, in that case, I was interpreting the requirement to submit a signed notice of appeal, but that court has expanded that in subsequent decisions to other circumstances. And the court held that when a subsequently signed document cures a defective signature, it relates back to that earlier filed document. And that is clear from the advisory notes to Rule 3 and Rule 2 of the rules governing Section 2255 proceedings themselves. Those rules indicate... I'm speaking really fast. Apologies, your honor. The notes to Rules 3 and 2 of 2255 petitions? Yes, your honor. The rules, Rule 2 and Rule 3 of the rules governing Section 2255 proceedings, which is a mouthful. They recognize that the rule was changed so that the clerk is required to accept a document with a defective or missing So it's a defective notice of appeal, but he's allowed, out of time, to cure the defect in the signature on the notice of appeal? That is correct, your honor. And the parties argued that the lack of a signature rendered the court without jurisdiction. And the Supreme Court rejected that argument, finding that you can cure the defective signature and it would not impact the original jurisdiction of the court. By analogy, that same analysis applies here. And again, it is clear from the rules, both the rules governing Section 2255 proceedings as well as Rule 11, that litigants have an opportunity to cure defective signatures and those corrected pleadings or filings relate back to the original filing. How do the rules... You're talking about Rule 11, Federal Civil... Rule of Civil Procedure 11. How do the... I guess I'm not as familiar with this. How do the rules governing 2255 work with the normal federal rules? I believe it's Rule 12 of the rules governing Section 2255 proceedings, your honor, that say the civil and criminal rules apply kind of in the absence of other guidance in the specific rules. And so the federal rules are a backdrop that courts apply when addressing Section 2255 motions. So the rules under 2255 were enacted by Congress? Those rules were enacted in the same way as the rules of federal procedures. So the Supreme Court is recommended those rules and then passes them. If one assumes we have multiple bases on which to reverse this, which one do you think makes the most sense or is the most logical? Your honor, the simplest way to address this case is to find that it was Walter's motion to begin with. In that case, then the only issue is whether or not it had a defective signature. The rules are clear that a petitioner can correct that missing or defective signature. And then the court should have ordered him to do that. Had he done so, the court could have proceeded to address the case on him there. Is that correction by way of the motion to amend or is it something else? Your honor, it is our position that the motion to amend... That's the means by which he sought that here. Is that correct? Yes, your honor. The motion to amend explicitly requests the ability to add signature and verification to the earlier filed Section 2255 motion. That may be sufficient, but as a technical matter, if it wasn't, the court should have instructed Carden to simply refile the original document. So it said, instead of Walter Carden by Natalie Carden, it would have just said Walter Carden. And that would have cured the issue and the court could have proceeded to address it on the merits. Your honor, I'll just briefly note that the government argues that these claims were raised and litigated in the district court. That is not the case. The court did not consider any of these ineffectiveness claims. And so the claims are ripe for review now. Can I ask you about the next friend issue? The district court didn't say you weren't allowed to cure or prove the next friend. The district court thought that the evidence wasn't sufficient in some sense because it was wrong person filing the motion. I mean, is it just a matter of if Natalie had signed the motion herself, put in an affidavit, or said everything he said about him being sick or whatever it was, that that would have been enough? It wouldn't have been out of time, but the evidence would have been okay. The district court rejected it on both grounds, your honor. In the first instance, the court held that because Natalie didn't make any submissions, it couldn't consider what Carden had filed, and so there was insufficient evidence that she had next friend standing. In the alternative, the court also held that were it to consider Carden's motion to amend, the information in that motion still would not have been sufficient to confer next friend standing on her. So the district court did think it was too late to fix the next friend issue? The district court did not think it was too late. The district court held that the three days that Whitmore and its progeny in order to satisfy the reason that he was unable to sign the original motion. But as cited in the brief, cases like Yeronga recognize that when a petitioner is inaccessible, even for a short period of time, for only a portion of the limitations period, that justifies resort to next friend standing. After all, next friend standing was meant to expand access to courts and provide litigants an opportunity to have their claims heard, not to impose additional procedural barriers to getting to court. I think an awful lot of us would be in trouble if we had taken from us our last three days before a deadline without much notice. Certainly right, your honor. Thank you very much. You'll have your rebuttal. Thank you very much. May it please the court, Perry Piper for the United States. Good morning. What's going on here, Mr. Piper? Why do we have this case here? Good question, Judge. And I think that Judge McDonough, because he could have done something that another court may have done, does not mean that he must or should have. What happened here is that Natalie Carden signed the petition on June 8th stating that Mr. Carden was detained at FPC McCreary and was otherwise unavailable to file the petition. That's what she says. That's what Judge McDonough had before him in seeing this next friend issue. She claimed, excuse me, Judge, she claimed that she was the attorney in fact and it did not satisfy the next friend issue. I mean, that's your view? I think that's what the case law says, your honor. I'm fairly confident it does. How does it not satisfy it in your view? Well, because it must be... That's all right. Go ahead. Pile on. I mean, join. On the face of the original document, she didn't satisfy next friend? That's correct. On the face of the original document? On the June 8th petition. Yes, sir. And I don't believe that Mr. Carden remedies that either. Which showing had she failed to make? Unavailability? I'm going to give the court a quote that just says, merely that one says that because the person was unavailable is not satisfactory to confer next friend status. There must be something more specific, something more detailed to understand why. And there are valid... What case do you have that says on the face of the document? Why can't reasons to support the next friend status be brought up in response to a motion to dismiss? Wibbs v. Boone, 166 Fed 3rd, 1223 as a Tenth Circuit case. And the burden, your honor, is on the next friend to establish that he or she has a valid next friend status. And this is what McDonough was seeking when he put down his order after. Why is there a burden on the prisoner to establish that the person is a next friend? Because I think there are valid policy reasons in establishing next friend as Mr. Carden has stated here. Are we concerned about the prisoner, not the next friend in the litigation? We are concerned about the prisoner and the reason why we are concerned about the prisoner, one, some prisoners don't want petitions filed for them. Secondly... Is that a reason why you put the burden on the prisoner, not the next friend, to establish whether or not the person's a next friend? I would respectfully disagree, your honor. No, it's a reason why you put it on the next friend to establish that the next friend has standing. And we get one crack at 2255. For example, you could have an officious intermeddler who comes in and says, I'm a writ writer in a prison. He's my cellmate. I'm going to file something for him. My goodness, when he files a motion to amend, I mean, are we really worried about anything here? Well, he files a motion adopting Natalie's. I do think the posture would be different if he late files a motion saying, I was in the hospital for three days and I was unable to file this on time. Please apply equitable tolling. This may seem all very procedural, and it is procedural, but he had the opportunity to cure this defect in a reasonable manner to say, I was in the hospital for three days and I couldn't get this in. Let me file it. He's not, at this point when he files the motion, he's not looking for her to continue as next friend. He wants to take over because he's no longer incapacitated. He is attempting, that is true. So what's the problem? He wants to present a constitutional claim. He's in prison. I mean, why are we all, I'm dumbfounded that we're all here. I mean, and I'm not blaming you, but that's kind of where I'm coming from. I understand your heart. Why not just let him do this? Just change his signature. And if Mr. Cardin had come in at a reasonable time and said, this is my petition, I'm going to adopt it, I'm not even certain that he says, he tries to argue first in September of 2016. The district court waited 18 months, 18 months to deny his motion to amend? Yes, sir. And so, but Mr. Cardin isn't timely in presenting the motion and so he doesn't get to litigate the merits of his claims? I'm not certain I would want to contrast Judge McDonough's schedule with Mr. Cardin's, your honor. Mr. Cardin is the person who is under a timely obligation to, under an obligation to timely file. Let me ask you a question about the signature. Why, what is required? Is it an original signature? Why wasn't it just okay on the face of it because it has his name on it? Because I think under Whitmore, your honor, there are certain requirements for next friend status under 22. Not next friend status. I'm saying it's just his signature. For example, under, I'm sorry. I mean, okay. No, I'm sorry. Okay. For example, as the court says, my legal assistant affixes my signature to a motion that I filed yesterday on the way up here. That's perfectly acceptable. That happens all the time. The reason why it's different under 2255 is because there are certain rules set forth, for example, pursuant to 2242, who in fact qualifies as a next friend. The jurisprudence has developed through Whitmore mostly discussing that, and that's, I think it's at page 165 is the pinpoint site in Whitmore that says these rules, this next friend is not expanded by the rules of civil procedure, any other rules. This is what must happen for next friend status to apply. So you're saying the only person who can sign for somebody else is a next friend? An attorney could. Other than an attorney? Yes. Or the petitioner himself. A qualified next friend, the petitioner himself, or an attorney. Okay. So signing as a next friend is different than signing with authorization, like what Judge Nalbandian apparently was doing. I believe that to be true, Your Honor. An attorney, right? I mean, what you're saying is an attorney can do that. Yes, sir. But not... Well, I think my legal assistant can electronically affix my signature to a motion that I have reviewed and asked her to file. Was this all sua sponte? I don't recall. I mean, did the court raise this issue? The court raised the issue and asked us to respond, and we responded. And, I mean, was it... I mean, did you have to file a response in opposition to his motion? I mean, has the government really had a position, or was it sort of tasked with explaining why the court shouldn't grant the motion? Can I give the 15-second backstory, Judge? Yes, sir. Wait for the backstory. Thank you. What happened? I talked to Ms. Brenneman, our appellate chief, and I said, hey, so what? You know, I fully believe we're going to win on the merits of this case. And she said that she believes that next friend status is a big issue. She deals with a lot of 2255s, obviously, and she felt that it was a valid point. I feel it's a valid point that people... Okay, I'm sorry. I don't... Nope, nope. No, I shouldn't interrupt. Doesn't the issue, though, come up in the context of the prisoner not wanting to file it? Not always. The girlfriend is coming in, trying to do something for the prisoner that the prisoner doesn't want. Not always, Your Honor. I think Judge McDonough cites a case where the girlfriend attempted to sign for the defendant and it was also rejected. That's in his order, and I could pull the site to that as well. It doesn't always arise with the recalcitrant petitioner and the officious intermeddler of the writ writer or mother in a death penalty case. And admittedly, death penalty cases skew the juror's prudence. Having said that, though... And Whitmore is a death penalty case. Having said that, though, there are still rules that are set down that we glean from the jurisprudence overall that show that this lady did not satisfy... Ms. Carden did not satisfy the definition of a next friend. Her statement is conclusory at best. Are you saying that that's including the information that's in the motion to amend? Or you're saying the paragraph she added to the original filing is not enough, and it's also not enough what he filed? Putting aside, by the way, this idea that who has to file the evidence or whatever, which the district court apparently thought that he couldn't file evidence that would satisfy her burden. I'm not sure I understand that. The burden. But are you saying if we thought about the evidence that he put in to the motion to amend, it still wouldn't be enough? The burden is on the next friend, not the petitioner, to establish valid next friend stats. But you can satisfy somebody else's burden with your evidence. You just look at the evidence and say, does this evidence satisfy somebody's burden, right? Yes, sir. So it doesn't matter whether she signed something, put in an affidavit. It doesn't matter, right? If the evidence on its face satisfies her burden, then that's it, right? I'm not certain that's true under the laws... ...that says the burden is on the next friend to establish standing. Now, this may go back on the issue that you have a petitioner who does not want a petition filed on his behalf. But the case law has developed saying that the burden is, in fact, on the next friend. And I'm fairly confident... What does that mean? Meaning that the next friend has to actually sign the document that contains the argument and the evidence that will carry the burden of that person? Well, I'm not sure that's true. What I am saying is three months later when Mr. Cardin then... Mr. Cardin is trying to establish that Natalie was the next friend. And of course, I think Judge McDonough finds that he was not precluded from litigating his own issues. That's the purpose of having a next friend, showing that this was just a temporary thing where he was incapacitated for three days. And the point is, is that he was not precluded from litigating his own issues. I do think we'd be in a different posture if Mr. Cardin said a week later or two weeks later, contacted the court and said, my sister filed this for me. I want to adopt this. I want to refile it. I want equitable tolling. I know that I'm late. But I think Judge McDonough satisfied all these arguments in his order, stating why it was not sufficient in September to go look back. So hypothetically, let's say an inmate is a month out from his 2255 deadline, comes down with some terrible condition where he's in intensive care for that whole month. His sister does what Mr. Cardin's sister does here, files this, says I'm filing it on his behalf as his next friend. A month after the limitations deadline, he gets better. What would he do at that point to take over the litigation directly, as opposed to have it be directed by his sister as his next friend? He could file and say, argue equitable tolling. But there's no limitations issue. A petition's been filed, right? His petition has not been filed. It would be the next friend, the putative next friend. I think that's the huge distinction here. His petition has not been filed. His petition, if the court accepts that he's filing it in September or adopting it in September, is not filed for three months later. When he filed, I guess just conceptually, in your view or the court's view, when he files the motion to amend, he's like some outsider. He's not a party and thus can't move to amend the petition, even though it was brought on his behalf? I believe he can attempt to adopt it, which is, he tries to adopt Natalie as his next friend is the first thing he does. And even I think the explanation he gives there is lacking. It's wanting. Having said that, I do see where the court and his... I guess, well, I don't mean to keep interrupting you, but... Judge, it's my job to shut up when you talk. No, that's all right. I understand that. You've been a great sport about all this. Probably for a long time, I would imagine. 1991, Your Honor, is my first time coming up here. Yeah, no, I meant in this case. Oh, sorry. It only feels like longer, Your Honor. I just, I'm not understanding conceptually why the district court would not simply allow him to put his signature, make his signature the effective signature by way of a motion to amend three months after the petition is filed. And so now the petition is amended to have him proceeding directly rather than by a next friend. I mean, what's the harm in all that? I'm not sure, again, because Judge McDonough could have done that, does not mean that he should have done it or must have done it. Well, I mean, if the consequence is the man can't litigate his constitutional claims, isn't that just an obvious abuse of discretion? I'm not sure. This is a judgment call. If this is a judgment call. It is, Your Honor. And the court chooses to deny, you know, Mr. Cardin the chance to litigate constitutional claim, maybe they're not merit, you know, maybe they lack merit here, as you say. Maybe in the next case, they don't lack merit. I understand. Maybe they do have merit. May I invite the court's attention to a case that this court decided back last month? Okay. Wright versus Spaulding. And it's 2019 Westlaw 449-3487. It's an opinion by Judge Thapar, which I won't recount it here, but it is also a 2255 opinion dealing with Mathis. And the hardship worked upon Mr. Spaulding, Mr. Wright, where his Maryland conviction was not a qualifying drug offense, but he was still found to be an ACC. And I think that the court, in that opinion, describes the value of understanding the procedural difficulties in 2255 litigation and why it's vitally important to follow procedure. And I understand sometimes it works hardships, but one of the reasons why the AEDPA was enacted was to, one, protect the courts to stop vexatious litigators. And I'm not saying that's what Mr. Cardin is, but one of the reasons it was enacted was, and your honors may remember how much litigation we had in 2255 prior to 1996. Okay. But it was a lot. I was a public defender then, Judge, and it was a lot. But this is my point. In Wright versus Spaulding, Judge Thapar issues a concurrence to his own opinion, which is a little unusual, but talks about the policy reasons why it's so vitally important to follow the procedure, especially in cases like this, even though it works a hardship. And it works an extreme hardship on Mr. Wright because he should not have been categorized as an ACC, yet still received his 15-year sentence. We'll see what Judge... I'll take a look at that. Thank you, your honor. Let me ask you this quick question. But you would concede or you would agree that the district court had discretion to grant the motion to amend and then let Mr. Cardin proceed on his own behalf? I would say that is true, yes. I would say that Judge McDonough found that he was, quote, without jurisdiction because Natalie did not have sufficient next friend standing. That raises another issue as to what jurisdiction actually means. That word as extreme... Claim processing, yes. Precisely. Yes. That really gets thrown around. Yes, sir. I'm vaguely aware of that issue as well, your honor. You knew the right term. I knew two terms, Judge. So the government's concern is about the next friend doctrine. And it is. And the concern that we have, your honor... I'm way out of time and I'm sorry. The concern that we have is that we believe that Judge McDonough was following the law. And if there is going to be a reversal and guidance, that it would be important for district judges to understand, A, how much discretion they have, and B, what the rules are, specifically what the rules are. Because three months later, that is a long time, regardless of how long Judge McDonough may have ruminated on this issue. But my point is that we believe that Judge McDonough was following the law as it had developed at the time he issued this opinion. OK. Well, I mean, we all do our best in that respect. Thank you, your honor. Thank you. Appreciate your argument. Thank you, your honor. Your honor, just three brief points. First, the government concedes that the court could have ordered Cardin to submit an amended copy of the motion, but that it had discretion not to do so. It's not clear to me what that discretion to not order Cardin to do so would have been based on. Certainly, under Rule 15, Cardin had the ability to amend his motion as a matter of course, because it was within the 21 days after the government's filing. And a court abuses their discretion, unless there's some reason, such as futility, to deny a motion to amend in those circumstances. This wasn't within the matter of course period, though, right? We disagree, your honor. So the government filed its response to the opposition, and Cardin filed his motion to amend 11 days later it was docketed. So that is within the 21 days you have after a response of pleading to file a motion to amend. But this motion wasn't a response of pleading, was it? It is titled a response in opposition to Cardin's 2255 motion. So it is certainly styled as a response. It's not listed as one of the pleadings. That's correct, your honor. Yeah, a response of pleading would have been the response to the petition, not the motion. That is, well, the 2255 motion is what the government was responding to. Yeah, but we're talking about two different motions here, or not? Yes, so there's the 2255 motion and the motion to amend. So the 2255, when did? 2255 motion is a pleading, I believe, under Rule 7. That is my understanding as well, your honor. But the government's motion to dismiss is not a pleading under Rule 7. It's my reading of Rule 7. And even if that's not, even if that's the case, that shows that Cardin had the motion to amend as a matter of course because there would have been no response of pleading to start that 21-day timeline under Rule 15 in which he had the ability to amend as a matter of course. So Cardin files his motion to amend how long after the government's first response to the 2255? Your honor, the government responded to the 2255 motion, I believe, on September 12th. Cardin submitted his motion to amend on September 23rd. So it was docketed 11 days later. And it was actually put in the mail eight days after the government submitted its response, or what it labeled its response. But can you use a motion to amend to cure a defective signature on an original pleading? Certainly, your honor. There are the cases, this court's en banc decision in Corbin suggests you can use a motion to amend to correct far more than that. In Corbin, they were actually substituting the plaintiff, in that case a trustee fiduciary, because the trustee, the original trustee had stepped down and there was a new trustee. And so they were adding a new plaintiff to the case. And the court held that that was appropriate because the trustee was just stepping into the place of the prior trustee. And under rules, both Rule 15 and Rule 17, you have the ability. He didn't file a new petition or an amended petition per se, did he? That is correct, your honor. He did not submit a document that said, oh, by the way, this, you know, his kind of explanation of what happened, right? That is correct, your honor. And similarly, the government faults Cardin for not submitting a signed version. But I would note that at the time, Cardin, so the timeline is, your honors, Cardin submitted through Natalie his 2255 motion. The government ordered the, excuse me, the court ordered the government to respond. The government responded. And then eight days later, Cardin submitted his motion to amend. The court did not act, as this court recognized, for over a year and a half. Cardin was likely under the impression that his motion to amend cured any defects that the court might have identified in its original order. And the court gave no indication, one way or the other, whether or not Cardin's original filing was sufficient or whether or not Cardin's motion to amend was sufficient. So it is hard to imagine imposing a burden on a pro se litigant, a pro se prisoner, to know that it needs to submit a signed copy of a motion that's already been filed when the court has not given any indication, at least any definitive indication, that it viewed the original signature to be deficient. Okay. Your Honor, if there are no more questions. Any further questions? Well, Mr. Woodman, I know you've been appointed pursuant to the Criminal Justice Act. We truly appreciate your service to your client and to our court and to the process in that regard. You've done an excellent job. Both counsel have done really an exemplary job in an important matter in terms of Mr. Cardin's rights. Thank you very much, Your Honors. Thank you both. The case will be submitted. The clerk may call the next case.